ORIGINAL

# In the United States Court of Federal Claims

No. 14-1123C
Filed: November 20, 2014

FILED
NOV 2 0 2014
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * *
                                    *
**MUSTAPHA MIAL,**                  *
                                    *
                  **Plaintiff,**     *   Pro Se Plaintiff; Lack of
     v.                             *   Subject Matter Jurisdiction;
                                    *   Tort.
**UNITED STATES,**                  *
                                    *
                  **Defendant.**     *
                                    *
* * * * * * * * * * * *

      **Mustapha Mial,** Las Vegas, NV, <u>pro se</u> plaintiff.

## ORDER

**HORN, J.**

      On November 18, 2014, plaintiff Mustapha Mial,[1] filed a very brief complaint in the United States Court of Federal Claims. The text of the complaint states in full:

> **DEAR JUDGE:**
>
> **THIS ALLEGATIONS** [sic] **AGANST** [sic] <u>**USPS**</u> **I ,A MISCONDUCT AND MISPPLY** [sic] **AFFECTING PUBLIC CONFIDENCE ,AND INTEGRITY OF** <u>**USPS**</u> **.**
>
> **BY NONE** [sic] **DELIVERING MY MAIL ON 04 / 2014 .**
>
> **I LOST A PROJECT WORTH A MILLIONS** [sic] **& MILLIONS OF DOLLARES .** [sic]
>
> **DEMAND: FIVE MILLIONS** [sic] **US DOLLARS .**

(all emphasis in original).

---

[1] The court notes although the caption of plaintiff's complaint refers to plaintiff as "Mustapha Mail," plaintiff's name is listed as "Mustapha Mial" in every other reference to plaintiff's name in the filings before this court.

As made clear by the United States Supreme Court, when determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

Here, plaintiff's very summary complaint makes only bald claims and does not explain how this court would have jurisdiction over his claims. Moreover, it is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012)

("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

Even assuming plaintiff had pled even minimal facts, the court does not have jurisdiction over plaintiff's claim. A claim for failure to deliver mail would sound in tort. See Terry v. United States, 99 Fed. Cl. 384, 391 (2011) ("[T]he United States Court of Federal Claims does not have subject matter jurisdiction to adjudicate claims relating to the mishandling of mail because those claims sound in tort."). As noted in Moore v. U.S. Postal Services Employees:

3

A claim based on failure to deliver mail may sound in tort, but not in contract. Webber v. United States, 231 Ct. Cl. 1009 (1982) (citing Threatt v. United States, 77 Ct. Cl. 645, 646 (1933) (Claims based upon failure to deliver mail "aris[e] in tort and not upon a contract.")); Lucas v. United States, 228 Ct. Cl. 860, 862 (1981) ("[P]laintiff's claims based upon the delay in transmitting the letter sound in tort ."). As explicitly stated in the Tucker Act, however, this Court has no jurisdiction over tort claims. 28 U.S.C. § 1491.

Moore v. U.S. Postal Servs. Emps., No. 10-65C, 2010 WL 2507797, at *2 (Fed. Cl. June 21, 2010), appeal dismissed, 454 F. App'x 892 (Fed. Cir. 2011); see also Conklin v. United States, No. 10-804C, 2011 WL 2945805, at *3 (Fed. Cl. July 22, 2011). Therefore, this court lacks jurisdiction over plaintiff's complaint.

Along with his complaint, plaintiff also filed a motion to proceed in forma pauperis on November 18, 2014. As the court lacks jurisdiction over plaintiff's claims, the court grants plaintiff's motion to proceed in forma pauperis for the limited purpose of dismissing Mr. Mial's complaint. In the interest of justice, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**